GEORGE B. SWAIN, administrator, respondent,

*v.*

ALBRIDGE C. SMITH, appellant.

[Filed November 26th, 1900.]

If power was conferred upon an orphans court by the provisions of section 151 of the Orphans Court act of 1874 (*Gen. Stat. p. 2391*), to direct the distribution of the estate of a testator when its judicial action involved the construction of the testator's will, the grant of power was not general, but limited to cases where the executor or the administrator *cum testamento annexo* had filed an account exhibiting the balance of the estate, and the account had been duly allowed by its decree.

On appeal from a decree of the Warren county orphans court.

*Mr. Albridge C. Smith, pro se.*

*Mr. L. De Witt Taylor,* for the respondent.

THE ORDINARY.

This appeal was argued before the late ordinary, and not having been decided by him, has been reargued before me.

The long delay that has occurred causes much regret that I am unable to consider and decide the question which respondent

Swain *v*. Smith.

has evidently supposed was properly presented by his application to the orphans court. But I cannot discover the least ground to justify that application, or to support the decree made thereupon. In my judgment the orphans court had no jurisdiction whatever to make such a decree.

Without considering various irregularities and defects appearing in the proceedings, I will briefly state the grounds upon which I have reached the conclusion above expressed.

The petition of respondent asked the orphans court to construe portions of the will of George Wildrick, deceased, and to direct the petitioner to whom to pay a legacy given thereby. It grounded the right to such judicial action upon the facts that petitioner was the administrator of Abraham Wildrick, deceased, who was one of the two executors of said George Wildrick, deceased, and that he was the owner of some land upon which the legacy was charged, but his petition disclosed that neither Abraham Wildrick nor Isaac Wildrick, his co-executor (who had also died), had ever stated or settled an account of the estate of George Wildrick, deceased, and none had been allowed by the decree of the orphans court.

If the orphans court had power on August 5th, 1892, when this decree was made, to direct the disposition of testator's estate, when such judicial action involved the construction of his will, it was acquired by the provisions of section 151 of the Orphans Court act of 1874. *Gen. Stat. p. 2391.* Whether the provisions of that section were within legislative competency has been questioned in the court of errors. *Adams* v. *Adams, 1 Dick. Ch. Rep. 298.*

Assuming that the act in that respect had constitutional validity, it is evident, from a perusal of the section in question, that the grant of power was not general, but limited. There can be no pretence that it permitted such a decree to be made in any other case or circumstances than those expressly set forth in the section. The cases in which the power is designed to be conferred are those in which an executor or an administrator *cum testamento annexo* has filed an account exhibiting the balance of the estate in his hands, and the account has been duly allowed by the decree of the orphans court.

Respondent, by the averments of his petition, has shown that he was not within either case. He was not the executor of George Wildrick, deceased. He was not an administrator of said estate with his will annexed. No account of the estate of deceased had been stated by the executors, or allowed by the decree of the orphans court.

It necessarily follows that there was no case made justifying the orphans court in making the decree in question.

The decree must therefore be reversed.